IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK DEON HOWARD, #769553** | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | 3:14-CV-0225-K-BK |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

### I.  BACKGROUND

Petitioner was convicted of murder and sentenced to life imprisonment. *State v. Howard*, No. F96-17437 (Criminal District Court No. 4, Dallas County, 1996), *aff'd*, No. 05-96-01917-CR, 1999 WL 233432 (Tex. App.–Dallas Apr. 22, 1999, no pet.). He unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Howard*, No. WR-35,620-04 (Tex. Crim. App. Dec. 9, 2009) (denying state application); *Ex parte Howard*, No. WR-35,620-05 (Tex. Crim. App. Jun. 12, 2013) (dismissing successive state application); *Howard v. Thaler*, No. 3:10-CV-01731-P-BH, 2010 WL 4180424 (N.D. Tex. 2010), accepting recommendation, 2010 WL 4168630 (N.D. Tex. Oct. 18, 2010) (dismissing federal petition as time barred).[1]

---

[1] In the 2010 federal petition, Petitioner challenged his 1996 murder conviction, asserting his sentence was improperly enhanced and his conviction was void because a different court indicted

1

By this action, Petitioner again seeks to contest his 1996 murder conviction. (Doc. 3 at 2). He asserts trial court's errors and ineffective assistance of counsel at trial. *Id.* at 6-7.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this

---

him, and the cause number on the jury instructions contained a numerical error. *Howard*, 2010 WL 4180424 *2. Petitioner also claimed that his name was listed incorrectly on a 2009 time slip. *Id.*

section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3).

SIGNED January 27, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the first section 2254 petition challenging the 1996 murder conviction was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam).  In addition, because Petitioner challenges the same judgment that he attacked in the 2010 petition, and his new claims could have been raised in that petition, the present petition is successive.  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (a petition that raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or that otherwise constitutes an abuse of the writ is a second or successive petition).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE